UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRYONN ROLLY BAIN, as legal guardian of
Abindigo Shabazz Bain,

               Plaintiff,                           MEMORANDUM AND ORDER
                                                                   17-CV-01152

   - against -


PARADISE BEACH CORPORATION PANAMA
d/b/a INTERCONTINENTAL PLAYA BONITA
RESORT & SPA, a Panamanian Corporation
and PARADISE BEACH CORPORATION, a
Delaware Corporation,

               Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Bryonn Rolly Bain, on behalf of his son Abindigo Shabazz Bain ("Plaintiff" or "Bain"), brought this negligence action against Paradise Beach Corporation Panama d/b/a Intercontinental Playa Bonita Resort & Spa ("Intercontinental") and Paradise Beach Corporation ("Paradise"), (collectively, "Defendants"), alleging that they failed to maintain a sanded area on their property, causing him to fall and injure himself. (ECF No. 1 "Compl."). Pending before the Court is Defendants' motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 19). For the reasons explained below, Defendant's motion is **GRANTED**.

## BACKGROUND

      Bain is a resident of Kings County, New York. (Compl. ¶ 5). Intercontinental is a hotel incorporated in Panama and a subsidiary of Paradise, which is allegedly incorporated in Delaware. (Compl. ¶¶ 6, 7; ECF No. 6 "Answer" ¶¶ 6, 7). The license and marketing agreement between the two provides that New York law will govern. (ECF No. 21 at 5; ECF No. 23 at 5). Neither

1

Defendant has offices, property, or employees in New York, but Paradise uses Citibank in New York to accept wire transfers that are ultimately sent to its bank account at Banco General, in Panama. (ECF No. 23 at 8). Intercontinental allows potential guests to make reservations through websites such as Hotwire, Expedia, and Travelocity. (ECF No. 21 at 5).

Bain's mother made hotel reservations through Hotwire and his father is a member of Intercontinental's Rewards Club. (ECF No. 21 at 4). On March 19, 2015, Bain was a guest at Intercontinental in Panama City when he was playing soccer and fell. (Compl. ¶ 11). He alleges that his injuries are permanent. (Compl. ¶ 17).

## LEGAL STANDARD

A plaintiff bears the burden of establishing personal jurisdiction over a defendant on a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, there has been jurisdictional discovery but no evidentiary hearing, (ECF No. 11), the plaintiff must make a "prima facie showing . . . of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.* at 567. All pleadings and affidavits must be construed, and ambiguities resolved, in the plaintiff's favor. *Snegur v. Grupo Iberostar*, No. 14CV4445 (ILG), 2016 WL 74414, at *2 (E.D.N.Y. Jan. 6, 2016).

## DISCUSSION

In a diversity action, personal jurisdiction over a defendant is determined by the law of the state in which the federal court sits, but must also be consistent with the Fourteenth Amendment's Due Process Clause. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963). Bain asserts two alternative bases for personal jurisdiction over Defendants. First, he argues that the Court has general jurisdiction pursuant to Section 301 of New York's Civil Practice Law and Rules

2

("CPLR"), which provides "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Second, he argues that the Court has specific jurisdiction pursuant to CPLR Section 302(a)(3), which provides "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to a person or property within the state." Each of these sections is addressed below.

### A. General Jurisdiction Pursuant to CPLR § 301

Under Section 301 of the CPLR, a foreign corporation may be subject to general in personam jurisdiction in New York where it "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its 'presence' in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (internal citations omitted). Bain argues that because Defendants solicited New York residents through various internet websites, subjected themselves to New York law in their license and marketing agreement, and used Citibank in New York for wire transfers, that Defendants engaged in "such a continuous and systematic course of 'doing business' in New York." The Court disagrees.

But even if Defendants' conduct was enough to subject them to general jurisdiction under CPLR 301, in light of the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), subjecting Defendants to general jurisdiction in New York would be incompatible with due process. *Sonera Holding B.V.*, 750 F.3d at 224-25. For a corporation, its place of incorporation and principal place of business are the paradigm bases for general jurisdiction. *Id.* at 225. As to Defendants here, neither of those places are located in New York.

3

### B. Specific Jurisdiction Pursuant to CPLR § 302

Bain argues that for the same reasons discussed above and because Defendants should have been aware that their acts would have consequences to residents in New York, Defendants "commit[ed] a tortious act without the state causing injury to a person or property within the state." N.Y. C.P.L.R. § 302(a)(3)(ii); ECF No. 21 at 7. That argument fails for two reasons.

First, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). Therefore, the only "act" by Defendants that could confer jurisdiction is allowing potential guests in New York to book hotel rooms through websites such as Hotwire. However, "[c]ourts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy Section 302." *Snegur v. Grupo Iberostar*, No. 14CV4445 (ILG), 2016 WL 74414, at *3 (E.D.N.Y. Jan. 6, 2016). If foreign hotels were subject to specific jurisdiction in New York simply because they allow New York residents to book reservations through the internet, those hotels would be subject to jurisdiction in every state, which cannot be the case.

Second, courts applying CPLR 302(a)(3) have held that the injury resulting from the tortious act must have occurred in New York. *Intermor v. Walt Disney Co.*, 250 F. Supp. 2d 116, 121 (E.D.N.Y. 2003); *Domond v. Great Am. Recreation, Inc.*, 116 F. Supp. 2d 368, 373–74 (E.D.N.Y. 2000); *Bramwell v. Tucker*, 107 A.D.2d 731, 732–33, 484 N.Y.S.2d 92, 93 (2d Dep't 1985) ("The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the State for the purpose of establishing jurisdiction under this statute where the injury actually occurred elsewhere . . . . To hold otherwise would open a veritable Pandora's box

of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York."). Bain's injury was sustained in Panama, not in New York. Therefore, Defendants did not "caus[e] injury to a person or property within the state" for purposes of conferring jurisdiction under CPLR 302(a)(3).

## CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motion to dismiss for lack of jurisdiction is **GRANTED** with prejudice.

SO ORDERED.

Dated:     Brooklyn, New York
           December 17, 2018

/s/_____
I. Leo Glasser                  U.S.D.J.